IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

OLGA YOUNG, etc., )
 )
       Plaintiff, )
 )
  v. ) No. 10 C 4427
 )
MARIANJOY, INC., et al., )
 )
       Defendants. )

## MEMORANDUM ORDER

Olga Young ("Young") has filed what her counsel labels as a "Collective Action Complaint" against Marianjoy, Inc. and Marianjoy Rehabilitation Hospitals and Clinics, Inc. (collectively "Marianjoy," treated for convenience as a singular noun), seeking on behalf of "similarly situated" ex-employees of Marianjoy to proceed on an opt-in basis under the Age Discrimination in Employment Act ("ADEA," 29 U.S.C. §626(b)[1]). This memorandum order is issued sua sponte to identify the problematic nature of that effort, a subject to be discussed at the initial status hearing date being established by a contemporaneously issued scheduling order.

Because ADEA opt-in actions, like their counterparts under the Fair Labor Standards Act ("FSLA"), are not controlled by the class action provisions of Fed. R. Civ. P. 23, courts have adopted varying approaches to the determination of the "similarly

---

[1] All further references to Title 29's provisions will simply take the form "Section--."

situated" requirement of FLSA's Section 216(b), which is borrowed by Section 626(b) for ADEA purposes.  With "similarly situated" being undefined in the statute itself, and with "little circuit law on the subject" (Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1102 (10th Cir. 2001)), Thiessen, id. at 1102-06 has provided a helpful summary of the different approaches.

This Court's reading of Young's Complaint finds it doubtful (at a minimum) that what she describes supports the collectivization of multiple claims, as contrasted with the existence of individualized termination decisions that involve a host of variables requiring separate treatment of a large number of ex-employees.  Those doubts need to be addressed early on.

For that purpose, even though this Court is not a particular fan of the fact-pleading approach inaugurated by the Twombly-Iqbal dichotomy, this action seems to be a good candidate for applying the requirement of "plausibility" to call for a more thorough-- and not merely conclusory--explanation of the grounds that make collective treatment appropriate.  Accordingly this Court will require the filing of an Amended Complaint on or before August 24, 2010, two weeks before the scheduled status hearing date.

_____
Milton I. Shadur
Senior United States District Judge

Date:  July 20, 2010

2