IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

OLGA YOUNG,                      )
                                 )
            Plaintiff,            )
                                 )
     v.                          )     No. 10 C 4427
                                 )
MARIANJOY, INC., et al.,         )
                                 )
            Defendants.           )
                  MEMORANDUM ORDER

Marianjoy, Inc. and Marianjoy Rehabilitation Hospitals and Clinics, Inc. (collectively "Marianjoy," treated purely for convenience as a singular noun) has filed its Answer to the First Amended Complaint ("FAC") brought against it by Marianjoy's ex-employee Olga Young.[1] This Court's issuance of this memorandum order is occasioned by some problematic aspects of that responsive pleading.

For example, Answer ¶6 responds to the FAC's straightforward allegation of subject matter jurisdiction by first admitting such jurisdiction, but it then goes on to "state that jurisdiction cannot be conferred by admission." Just what is that? A threat? A warning? A lesson in federal civil procedure? That gratuitous insert has no place in discharging the obligation imposed on Marianjoy by Fed. R. Civ. P. ("Rule") 8(b)(1)(B). And the same is true as to Answer ¶6's addition of a denial of any violation

---

[1] This memorandum order will not pause to address the disputed issue as to which of the Marianjoy entities had been Young's employer.

of ADEA, which of course has nothing to do with the existence of jurisdiction over a claim based on that statute. Accordingly, everything after Marianjoy's admission in that paragraph is stricken.

Next, Marianjoy's counsel follows a proper invocation of the disclaimer prescribed by Rule 8(b)(5) with "and therefore, deny the allegations." That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)? Accordingly the quoted phrase is also stricken.

Although this memorandum order has not sought to parse all the troublesome aspects of the Answer (what are addressed here are only some matters that figuratively jump off the page in the course of a cursory reading), note is next taken of Answer ¶26, which indicates that the corresponding FAC allegation "states conclusions of law to which no answer is required." That is of course incorrect--see App'x ¶2 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001).

Moreover, that paragraph's denial of Young's allegation that "[a]ll conditions precedent to Count I have been satisfied" is echoed in Marianjoy's third affirmative defense ("AD"), each time without any identification of the respects in which Young has allegedly failed to satisfy any such precondition to asserting

2

her age discrimination claim. Notice pleading is required of defendants as well as plaintiffs, and Marianjoy's counsel has the responsibility to apprise both Young's counsel and this Court of any claimed shortfall in that respect.

Next is an item that is not a flaw in the Answer, but rather poses an issue that this Court expects both sides' counsel to speak to at an early stage. Answer ¶31 denies age discrimination in part on Marianjoy's assertion that Young (who was 59 years old when she was terminated) was replaced by someone hired at age 57. In that respect, our Court of Appeals has established a ten year difference as the watershed for a presumption of age discrimination, and the parties are expected to discuss at some appropriate future date the legal consequence of the asserted minimal age difference here (if Marianjoy establishes it).

As for the ADs, a few of them call for comment. Here they are:

> 1. AD 3 has already been mentioned, but it should be added that the use of the phrase "to the extent" there is the telltale tipoff that not enough information has been provided by Marianjoy or, as next discussed, that what is being advanced by Marianjoy is purely speculative and is thus inappropriate as a current AD--see App'x ¶5 to State Farm.
>
> 2. AD 4, a possible defense based on a failure to

mitigate damages, is in the just-mentioned "purely speculative" category. It will be time enough to raise such a defense when the facts are developed, but for now AD 4 is stricken without prejudice to its reassertion in the future (unlike AD 3, which is stricken without prejudice to a prompt fleshed-out reassertion if Marianjoy has a good-faith basis for advancing it).

3. That reference to "good faith" in the preceding paragraph bleeds into the consideration of AD 5, which is inconsistent with allegations of the FAC (see, e.g., FAC ¶¶22, 29 and 39). That is not the proper role for an AD, as taught by Rule 8(c) and the underlying caselaw--and see also App'x ¶5 to State Farm. Because Marianjoy has already put those matters into issue by its denials of Young's allegations, AD 5 is also stricken.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 14, 2010

4